## H. W. PIERSON v. JOHN McCLINTOCK.

Decided January 25, 1904.

**1.—Deed—Unsold Portion—Innocent Purchaser.**

Where a deed conveyed "the unsold portion" of a certain tract, but distinctly designated the several portions that had been previously sold by giving names of purchasers and number of acres, the title to yet another portion which had been previously sold but was not so designated, passed by the latter conveyance to a purchaser having no notice that it had been previously sold.

**2.—Same—Limitation.**

The description was sufficient to support the five years statute of limitations as a defense in an action to recover the part previously sold but not so designated in the deed.

**3.—Possession of Land—Limitations.**

Evidence considered and held to show adverse possession of land by enclosure and use sufficient to support the five and ten years statutes of limitations.

Error from the District Court of Harris. Tried below before Hon. Wm. H. Wilson.

*C. L. Bradley,* for plaintiff in error.

*Lock McDaniel,* for defendant in error.

GILL, ASSOCIATE JUSTICE.—On November 1, 1901, plaintiff in error, H. W. Pierson, brought this suit to recover of defendant in error, John McClintock, 25 acres of land, a part of the Jacob Thomas survey in Harris County, Texas. The form of the action was trespass to try title. The defendant answered not guilty, pleaded limitation of five and ten years, and asserting title in himself prayed for affirmative relief. A trial before the court without a jury resulted in judgment for defendant. The following facts are disclosed by the record:

In 1884 Pierson bought of C. S. Benedict and wife 25 acres of land out of the northeast corner of a tract of 165 8-10 acres, part of the J. Thomas one-fourth league survey and which the Benedicts had bought from W. G. Halsey. The 25 acres thus sold to Pierson was deeded to him by the Benedicts and was described by metes and bounds. This deed was never placed of record and is lost.

On November 4, 1893, the Benedicts executed another deed to Pierson in lieu of the lost one, and therein recited the former conveyance and fully described the land as it is described in plaintiff's petition. This deed was recorded November 11, 1893.

When the 25-acre tract was purchased it was included within the fence which inclosed the entire Benedict tract at that time, and Pierson did not take possession of his purchase or make any change in the fencing. Pierson never took actual possession.

On March 27, 1890, Benedict and wife sold and conveyed to A. C. Herndon and Edward Newbouer the land described in the deed as follows:

"All that certain tract or parcel of land lying and being situated in Harris County, Texas, out of the Jacob Thomas one-fourth league survey, containing 155 acres, being the unsold portion of the land sold us by W. G. Halsey by deeds dated December 20, 1882, and November 21, 1888, and recorded in Book 26B, p. 167, and Book ——, which deeds are made a part hereof, conveying to us 165 8-10 acres, of which we have sold to Levi Brown two acres, which two acres have been reconveyed to us; Armstrong four acres, Ross two acres, Finch three acres, and Gebhart six acres, leaving a balance unsold of one hundred and fifty-five acres, which unsold balance is herein conveyed."

This deed was filed for record March 27, 1890. The purchase price of $3100 was paid by Herndon and Newbouer without notice of the Pierson deed or any claim by him to any part of the land. Before the purchase they had the tract surveyed and a map of their purchase made. This map was adduced in evidence; showed the small sales mentioned in the deed to them, and that their purchase included the 25 acres in controversy. At the date of the purchase the land was all fenced except that a small part on the west was not included and the fences were not accurately on the lines. The fences were also out of repair. Herndon and Newbouer immediately took possession, had the fences changed so as to rest on the true lines as indicated by the survey, and extended it on the west so as to include the land which the fence had not theretofore inclosed. They put down an artesian well and made two ponds near the center of the tract. Tobe Collins, who owned an adjoining tract, was placed in charge and given the use of it in consideration of his repairing the fences and maintaining them and looking after the property. He at once took possession, repaired the fences, pastured cattle on the land, cut hay and maintained the fences and this possession until 1894, when a German was placed in possession as a renter. The latter planted a crop of rice in the northeast corner, which included the land in controversy. From the entry of the German until the McClintock purchase the land has been occupied by tenants of Herndon.

On April 12, 1893, Herndon bought Newbouer's interest by the following description: "71¼ acres of land being an undivided one-half interest in 140½ acres out of the Jacob Thomas one-fourth league, located about 5 miles southeast of Houston, said 70¼ acres being an undivided half interest out of 155 acres sold to A. C. Herndon and Edward Newbouer, March 27, 1890, by C. S. Benedict and wife, less 14½ acres sold by Herndon and Newbouer to G. C. Street."

By virtue of an execution issued on a judgment against A. C. Herndon and John G. Brown, the sheriff of Harris County levied on and sold to the defendant, John McClintock, the land described as follows in the deed executed by the sheriff on the 5th day of May, 1901.

"All the right, title and interest which the said A. C. Herndon or the said John G. Brown, or either of them, had on the 2d day of April, 1901, or at any time afterwards in and to the following lands, out of

the Jacob Thomas one-fourth league survey near Harrisburg, in Harris County, more particularly described by metes and bounds as follows:

"Beg. at the N. cor. of the Wannecke 42 acre tract where the same corners on the right of way of the G. H. & S. A. R. R. Thence N. 59½ deg. E. 3236 ft. to N. W. cor. of a tract of land out of the same survey owned by T. J. Collins. Thence south 2¼ deg. west 1808 feet for corner. Thence west 1015 feet for corner. Thence S. 2¼ deg. west 1074 feet for corner. Thence N. 70½ deg. west 302 feet. Thence N. 55½ deg. west along the N. E. line of the Wannecke tract 700 feet. Thence N. 47 deg. west along the N. E. line of the Wannecke tract 1048 feet to the place of beginning, containing 78 38-100 acres more or less, the same being the unsold balance of 155 acres of land sold and conveyed by Benedict and wife to A. C. Herndon and Edward Newbouer by deed dated March 27, 1890, and recorded in vol. 148 of Harris County deed records on page 498." This description included the land in controversy. The vendees in the various deeds in defendant's chain of title were purchasers for value in good faith without notice of the unrecorded deed of the plaintiff.

Plaintiff in error contends that the judgment should be reversed for the following reasons:

1. Because none of the descriptions in the deeds in defendant's chain of title from Benedicts, the common source, down to himself contained descriptions which include plaintiff's land, the use of the expression "unsold portion" excluding the conveyance of that part.

2. Limitation of five years was not shown because of insufficient description in the respect mentioned, and because the character of adverse possession shown was insufficient to support the plea.

3. Because the ten-year plea was not sustained by the possession shown by the proof.

An inspection of the descriptions which we have taken the pains to set out, makes it plain that the first reason is untenable. In the deed from the Benedicts to Herndon and Newbouer the portions claimed to have been sold are distinctly designated. The acreage in the original Benedict purchase is named, and the named sales deducted leave practically the acreage undertaken to be conveyed. Newbouer's conveyance to Herndon of an undivided interest is equally specific, and the sheriff's deed to McClintock includes the 25 acres in controversy within its metes and bounds.

None of these instruments come within the cases cited by plaintiff to the effect that a deed conveying an unsold portion conveys no more and that a purchaser thereunder can not hold against a prior purchaser though the deed be unrecorded.

The description being sufficient, and payment of taxes being shown under duly recorded deeds, both the five and ten-year bar of limitation is established if possession is sufficient. And we are convinced the facts stated satisfy the requirements of the law as to adverse possession. There was immediate entry upon inclosed lands; the digging of wells, making of ponds, cutting of hay, pasturage by tenants with assertion

of right to the entire inclosure; maintenance of the fences and payment of taxes for more than ten years and actual cultivation of plaintiff's land as early as 1895. These facts clearly distinguish this case from such cases as Fuentes v. McDonald, 85 Texas, 132, cited by plaintiff. In that case there was no inclosure, and the adverse acts of possession consisted in pasturing sheep and goats in charge of shepherds. The live stock of others also grazed thereon. In Texas uninclosed lands are treated as commons and in no case has such possession been deemed sufficient to uphold the bar of limitation.

We are of opinion the facts show defendant to be a holder under an innocent purchase for value without notice of plaintiff's claim, and that for that reason the judgment should be affirmed.

If we are in error in this the judgment should nevertheless be affirmed on the issue of limitation.

Plaintiff in error contends the deeds in defendant's chain of title were adduced by plaintiff solely to show common source, and that as defendant did not offer them at all they can not avail him for any purpose. Plaintiff is mistaken as to the state of the record. It is distinctly stated that the papers were also offered by defendant.

*Affirmed.*